United States District Court
Southern District of Texas
**ENTERED**
March 31, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ERNESTINA CAZARES SANTILLAN, et al., § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:14-cv-114 |
| § | |
| UNITED STATES OF AMERICA, et al., § | |
|     Defendants. § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 7, 2014, Plaintiffs Ernestina Cazares Santillan, Damian Perez Santillan, Amada Carolina Martinez Morales and Claudia Elizabeth Torres Orantes (collectively "Plaintiffs") filed a civil rights action against Unknown Border Patrol Agents ("individual defendants"), the United States of America, United States Department of Homeland Security, United States Bureau of Customs and Border Protection, United States Border Patrol, the United States Immigration and Customs Enforcement Agency and the United States Department of Justice ("agency defendants"). Dkt. No. 1. The complaint alleges that an unnamed Border Patrol Agent shot Juan Pablo Perez Santillan in a cross-border shooting; Perez Santillan was standing in Mexico when he was shot. Id. The Border Patrol Agent was later identified as Luis J. Gonzales. Dkt. No. 45. The civil rights claim is made pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

On July 29, 2014, the Plaintiffs filed an amended complaint, which is the operative complaint in this case. Dkt. No. 3. In that complaint, the Plaintiffs allege that the Border Patrol agents violated Perez Santillan's Fifth Amendment rights and that the federal agency defendants either propagated or failed to propagate policies to prevent this violation of his rights. Id.

On October 3, 2014, the federal agency defendants filed a motion to dismiss. Dkt. No. 5.

On February 25, 2020, the Supreme Court held, under nearly identical factual circumstances, that Bivens does not extend to the context of a cross-border shooting claim.

1

Hernandez v. Mesa, -- U.S. --, 140 S.Ct. 735 (2020). On that same day, the Court ordered the parties to file a brief regarding whether the Plaintiffs can maintain a claim in light of Hernandez. Dkt. No. 56. No party filed a brief.

After reviewing the record and the relevant caselaw, it is recommended that the motion to dismiss filed by the federal agency defendants be granted. It is further recommended that any claims made against any individual agents under Bivens be dismissed for failure to state a claim upon which relief can be granted.

## I. Background

### A. Factual Background

According to the complaint, on July 7, 2012, Perez Santillan was standing on Mexican soil and was assisting aliens, who were illegally entering the United States by swimming across the Rio Grande River. Dkt. No. 3, p. 12.

When Perez Santillan saw Border Patrol agents approaching on the American side of the river, he "started yelling and waving his hands in the air" at a group that was swimming across the river, urging them to return to Mexican soil. Dkt. No. 3, p. 12. The Mexican citizens ultimately did so. Id. The complaint alleges that Agent Doe – later identified as Gonzales – was standing on the American side when he used a high-powered rifle to shoot Perez Santillan. Id.

Perez Santillan's brother, Damian, was in the group of swimmers that returned to Mexican soil. Dkt. No. 3, p. 12. When Damian reached his brother, he found him with a gunshot wound in his chest. Id. Damian yelled at the Border Patrol agents to help him, but they replied "que se muera el perro," which the complaint translates as "let the dog die." Id. The complaint alleges that Perez Santillan was not holding anything in his hand that posed a threat to any Border Patrol agents, only a "sweat rag." Id., p. 3. It further alleges that Perez Santillan was too far away from any agents to pose a threat to them. Id.

### B. Procedural Background

On July 7, 2014, the Plaintiffs filed their complaint. Dkt. No. 1. As to the unnamed individual defendants, the Plaintiffs claimed that their actions violated Perez Santillan's Fifth Amendment due process rights. Id. As to the agency defendants, the Plaintiffs

asserted that they either promulgated policies which led to the shooting or failed to promulgate policies which would have prevented the shooting. Id.

On July 23, 2014, the Plaintiffs amended their complaint as a matter of course, but did not add any new defendants or causes of action. Dkt. No. 3.

On October 3, 2014, the federal agency defendants filed a motion to dismiss, asserting that Bivens claims cannot be maintained against the United States or its agencies. Dkt. No. 5. The motion did not address the claims made against the unnamed agents because the Plaintiffs had not yet served those defendants. Id., p. 3, n. 1.

On November 12, 2014, the Plaintiffs filed a response to the motion to dismiss, addressing the issues surrounding serving the individual defendants, but did not address the arguments regarding the agency defendants. Dkt. No. 27.

On February 11, 2015, the Court stayed this case, pending resolution of Hernandez v. Mesa in the Fifth Circuit, given the similarity in the factual background and legal claims made. Dkt. No. 50. The case remained stayed for five years, as the Fifth Circuit – acting en banc – and the Supreme Court, in turn, each considered the case on two different occasions. Hernandez v. Mesa, 785 F.3d 117 (5th Cir. 2015) (en banc), Hernandez v. Mesa, __ U.S. __, 137 S.Ct. 2003 (2017) (remanding case to Fifth Circuit); Hernandez v. Mesa, 885 F.3d 811 (5th Cir. 2018) (en banc); Hernandez v. Mesa, __ U.S. __, 140 S.Ct. 735 (2020).

On February 25, 2020, the Court ordered the parties to file briefs, outlining why the claims against the individual defendants should not be dismissed for failure to state a claim upon which relief can be granted, in light of Hernandez v. Mesa, __ U.S. __, 140 S.Ct. 735 (2020). The parties did not file any briefs.

**II. Applicable Law**

    **A. Jurisdiction and Dismissal under Rule 12(b)(1)**

The threshold question, before considering the substance of any claim, is whether the court possesses jurisdiction over the claim. This is the case, because federal courts are courts of limited jurisdiction, whose authority exists only within the boundaries established by Congress and the United States Constitution. Ruhrgas AG v. Marathon Oil Co., 526

U.S. 574, 583-84 (1999). A plaintiff bears the burden of proving jurisdiction. Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).

In determining whether jurisdiction exists, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). Conclusory allegations or "legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Wells v. Ali, 304 Fed. App'x. 292, 293 (5th Cir. 2008) (quoting Fernandez–Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

If a claim is barred by sovereign immunity, it can be dismissed only under Rule 12(b)(1) and cannot be dismissed with prejudice. Shaikh v. Texas A&M University College of Medicine, 739 Fed. App'x 215, 217-18 (5th Cir. 2018) (unpubl.) (citing Warnock v. Pecos Cty., 88 F.3d 341, 343 (5th Cir. 1996).

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege enough facts to state a claim to relief that is plausible on its face and fails to raise a right to relief above the speculative level." Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)) (internal quotation marks omitted). The Supreme Court has further defined the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

4

Unless the Court specifically holds otherwise, dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

The Court may sua sponte dismiss a complaint for failure to state a claim upon which relief can be granted, so long as it gives the parties notice and an opportunity to respond. Lozano v. Ocwen Federal Bank, FSB, 489 F.3d 636, 642-43 (5th Cir. 2007).

### III. Analysis

The underlying facts of this case are undeniably tragic. Despite this fact, all of the claims made are foreclosed by existing precedent. The claims made against the federal agency defendants are barred by sovereign immunity; the claims made against the individual defendants are barred by Supreme Court precedent.

Plaintiffs cannot maintain a Bivens claim against the federal agency defendants. Both the Supreme Court and the Fifth Circuit have expressly held that the United States and its agencies cannot be held liable under Bivens. F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994) ("An extension of Bivens to the agencies of the Federal Government is not supported by the logic of Bivens itself"); Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999) (Bivens "provides a cause of action only against government officers in their individual capacities") (emphasis added). Congress has not waived sovereign immunity for civil rights claims against the United States or its agencies. See Partain v. Isgur, 390 Fed. App'x. 326 (5th Cir. 2010) ("the United States has not, in the FTCA or elsewhere, waived sovereign immunity with regard to alleged civil rights or constitutional violations, i.e., violations of due process"). Thus, Plaintiffs cannot maintain a civil rights claim against the federal agency defendants based on the application of sovereign immunity.[1]

---

[1] Furthermore, the Plaintiffs could not maintain a claim against the United States under the Federal Torts Claims Act because the U.S. has not waived sovereign immunity for injuries which occurred outside of the United States. See Hernandez v. U.S., 757 F.3d 249, 258 (5th Cir. 2014) (holding that because the victim of a cross-border shooting was standing on Mexican soil when they were shot, the injury occurred in a foreign country, which precludes a FTCA claim).

Furthermore, Plaintiffs cannot maintain a claim against the individual defendants because the Supreme Court has directly held that Bivens does not extend to the context of cross-border shootings. Hernandez v. Mesa, __ U.S. __, 140 S.Ct. 735 (2020).  The basic of facts of that case are nearly identical with the instant case: a Border Patrol agent standing on U.S. soil shoots a person standing on Mexican soil, killing them. Hernandez, 140 S.Ct. at 740.  In both cases, the surviving family sues the Border Patrol agent, claiming that the shooting was unjustified and violated their relative's constitutional rights. Id.  The Supreme Court held that "because of the distinctive characteristics of cross-border shooting claims, we refuse to extend Bivens into this new field." Id., at 739.  Thus, the Supreme Court's holding directly forecloses the claims made in this case and dismissal is appropriate.

**IV. Recommendation**

It is recommended that the motion to dismiss filed by the United States of America, United States Department of Homeland Security, United States Bureau of Customs and Border Protection, United States Border Patrol, the United States Immigration and Customs Enforcement Agency and the United States Department of Justice, Dkt. No. 5, be granted.  All claims made against those defendants should be dismissed without prejudice for lack of jurisdiction.

It is further recommended that all claims made against the unnamed individual defendants be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings

without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on March 31, 2020.

_____
Ronald G. Morgan
United States Magistrate Judge